IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC MAPLE, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 4:CV-06-360 |
| | : |
| JEFFREY A. BEARD, | : |
| | : |
| | : (Judge Jones) |
| Defendant | : |

## MEMORANDUM AND ORDER

April 3, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

  This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Plaintiff Eric Maple ("Plaintiff" or "Maple"), an inmate presently confined at the State Correctional Institution, at Camp Hill, Pennsylvania ("SCI-Camp Hill"). The complaint is accompanied by an application requesting leave to proceed *in forma pauperis*. For the reasons set forth below, Maple's complaint will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

  Named as Defendant is Secretary Jeffrey A. Beard of the Pennsylvania Department of Corrections ("DOC"). Maple describes Beard as being statutorily

responsible for the actions of the DOC.  Plaintiff states that on or about January 28, 2004, officials at his former place of confinement, the Greene State Correctional Institution, at Waynesburg, Pennsylvania ("SCI-Greene") made a formal recommendation that he be placed in the prison's Special Management Unit ("SMU") .  Unidentified DOC "decisionmakers" allegedly approved the recommendation and Maple was placed in the SMU that same day.  (Rec. Doc. 1, ¶ 6).

As a result of his SMU placement, Plaintiff avers that he was subjected to "extreme isolation," "continuously restrained," and deprived of various privileges and rights afforded to prisoners housed in general population. (Rec. Doc. 1, ¶ 7). His complaint maintains that he was not provided with sufficient due process prior to being placed in the SMU.  He specifically alleges that he was not provided with the factual basis for the decision to place him in the SMU.

On July 27, 2004, Maple was transferred by the DOC to the SCI-Camp Hill SMU.  As of the filing of this action, the Plaintiff purportedly remains confined in the SMU.  His complaint seeks monetary damages as well as declaratory and injunctive relief.

**DISCUSSION**:

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]   In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In order to state an actionable civil rights claim under § 1983, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

4

Rode, 845 F.2d at 1207.

Based on the nature of Plaintiff's allegations, he is clearly attempting to establish liability against Secretary Beard under a theory of *respondeat superior*. The complaint contains no factual averments showing that the Defendant had any personal knowledge, participation, or acquiescence in any constitutional misconduct. Maple fails to allege any facts which could establish that Beard knowingly permitted any unconstitutional treatment to occur. Therefore, since Plaintiff is attempting to establish liability against Secretary Beard solely on the basis of his supervisory capacity, the complaint is subject to dismissal under the standards developed in Rode.

In addition, it appears that Maple's request for injunctive relief, that Secretary Beard be directed to order that the Plaintiff be returned to general population, is seeking a mandamus-type remedy. The only federal statute under which a party may seek mandamus relief from a federal court is 28 U.S.C. § 1361. It provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Since Plaintiff is requesting that this Court compel a state official to perform a duty, there is no proper jurisdiction under § 1361 or any other federal

statute. Consequently, dismissal of the request for injunctive relief for lack of jurisdiction is also appropriate.

Moreover, mandamus is a drastic measure "to be invoked only in extraordinary situations." Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp v. Daiflon, Inc., 449 U.S. 33, 34 (1980)). The Supreme Court in Allied added that a mandamus petitioner has the burden of establishing a clear and indisputable right to relief. Id. at 35. See also Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). In Kerr, the court noted that in order to receive mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires. . . ." Id. Maple does have other means available to him, specifically, he may submit his request for relief to the appropriate Pennsylvania state court.

In conclusion, since the Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

2. The Clerk of Court is directed to close the case.[2]

---

[2] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order

   3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

           <u>s/ John E. Jones III</u>
           John E. Jones III
           United States District Judge

---

previously issued in this case is binding on the Warden of SCI-Camp Hill, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.